FILED

MAY 0 7 2018

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 105 |
| v. | ) | |
| | ) | Acting Chief Judge Rebecca R. |
| ADAM SPRENGER | ) | Pallmeyer |

**AGREED SECOND MOTION FOR AN EXTENSION OF TIME
TO RETURN AN INDICTMENT OR FILE AN INFORMATION**

The UNITED STATES OF AMERICA, through JOHN R. LAUSCH, United States Attorney for the Northern District of Illinois, respectfully moves this Court for an extension of time, to and including July 13, 2018, in which to seek the return of an indictment or file an information against defendant Adam Sprenger, pursuant to Title 18, United States Code, Section 3161(h)(7). In support of this agreed motion, the government states as follows:

**Background**

1.     On February 14, 2018, defendant Adam Sprenger was charged in a one-count criminal complaint with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). R. 1.

2.     Defendant was arrested and had his initial appearance on February 14, 2018, before Magistrate Judge Daniel G. Martin. R. 2. On February 20, 2018, defendant waived a detention hearing and Judge Martin ordered defendant detained without prejudice. R. 9. Defendant also waived his right to a preliminary hearing, and Judge Martin entered a finding of probable cause. R. 9; *see also* Fed. R. Crim. P. 5.1(a)(1).

## **Argument**

3.     According to the Speedy Trial Act, the government must file any information or indictment charging an individual with the commission of an offense within thirty days from the date on which the individual was arrested. 18 U.S.C. § 3161(b). Time may be excluded from the computation of this thirty-day period if a judge grants a motion for a continuance made by the government upon finding that the ends of justice served by granting the continuance outweigh the best interest of the defendant and public in a speedy trial. *Id.* § 3161(h)(7)(A); *see also United States v. Adams*, 625 F.3d 371, 378–79 (7th Cir. 2010).

4.     Among the factors identified by Congress as relevant to a determination of whether time should be extended for the government to seek the return of an indictment or file an information are those set forth in 18 U.S.C. § 3161(h)(7)(B). It provides in relevant part:

> Whether the case is so unusual or so complex, due to the number of defendants [or] the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(B)(ii), (iii), and (iv).

5.  The government respectfully submits that a 60-day continuance is warranted in this case pursuant to the forgoing provisions. The government has been conducting a diligent and thorough investigation in this case, but the additional factors cited in the Attachment to this motion, which will be filed separately under seal, warrant an extension of time that will allow the government to complete its investigation, address the factors leading to this request, and make a proper charging decision.

6.  Because defendant was arrested on February 14, 2018, the thirty-day deadline for an indictment or information to be filed against defendant was March 16, 2018. On March 12, 2018, this Court granted the government's first unopposed motion for an extension of time to return an indictment or file an information to May 15, 2018, pursuant to Title 18, United States Code, Section 3161(h)(7). R. 14. As explained in the government's sealed Attachment to this motion, the government believes that it would be unreasonable to expect the return and filing of an indictment or an information by May 15, 2018.

7.  The government has spoken with counsel for defendant, Thomas Brandstrader, who agrees with this motion.

3

## **Conclusion**

For these reasons, and for the reasons set forth in the government's sealed Attachment, the United States respectfully requests that this Court grant this Motion and extend time for the return of an indictment or for filing an information to, and including, July 13, 2018.

Respectfully submitted,
JOHN R. LAUSCH
United States Attorney

By:     *s/ Kelly Greening*
KELLY GREENING
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 353-4095