

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*FILED*
FEB 15 2019 AR
JUDGE JOHN J. THARP, JR.
UNITED STATES DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18 CR 105 |
| v. | |
| ADAM SPRENGER | Judge John J. Tharp, Jr. |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant ADAM SPRENGER, and his attorneys, THOMAS BRANDSTRADER and ANDREW GABLE, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.     The indictment in this case charges defendant with production of child pornography, in violation of Title 18, United States Code, Section 2251(a) (Counts One and Two); transportation of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1) (Count Three); and possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Count Four).

3.     Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorneys.

4.     Defendant fully understands the nature and elements of the crimes with which he has been charged.

## **Charges to Which Defendant Is Pleading Guilty**

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Count One, which charges defendant with production of child pornography, in violation of Title 18, United States Code, Section 2251(a); and Count Four, which charges defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## **Factual Basis**

6.      Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Four of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, constitute relevant conduct pursuant to Guideline § 1B1.3, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

a.      With respect to Count One of the indictment:

Between on or about March 22, 2015, and on or about March 24, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere, including the Eastern District of Wisconsin, defendant ADAM SPRENGER knowingly employed and used a minor, namely, Victim A, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was transported

2

using any means and facility of interstate commerce, in violation of Title 18, United States Code, Section 2251(a).

Specifically, on or about March 21, 2015, SPRENGER traveled from Illinois to a hotel in Lake Geneva, Wisconsin, with Individual A and her four minor children, including Victim A. SPRENGER knew that Victim A was 14 years old at the time. SPRENGER lived with Victim A's mother, and Victim A was in the care, custody, or supervisory control of SPRENGER at the time. On or about March 22, 2015, in the hotel room, SPRENGER used a Samsung Galaxy cellular phone to take at least seven photographs of Victim A while she was sleeping. In these images, SPRENGER used Victim A to engage in sexually explicit conduct. In one of the images, SPRENGER photographed his naked, erect penis next to Victim A's face. In another image, SPRENGER photographed his own face, with his tongue sticking out, next to Victim A's clothed groin. SPRENGER, Individual A, and the four minor children, including Victim A, stayed at the hotel until on or about March 23, 2015, when they returned to Illinois. When SPRENGER returned to Illinois, he brought his Samsung Galaxy cellular phone containing the sexually explicit images he took of Victim A. SPRENGER then stored the images on a USB drive, which he kept in his residence in Illinois.

      b.    With respect to Count Four of the indictment:

On or about February 14, 2018, at Arlington Heights, in the Northern District of Illinois, Eastern Division, and elsewhere, SPRENGER knowingly possessed

3

material, namely (1) an HP laptop computer, model Pavilion DM4, bearing serial number CNU1311MPR; (2) an HP laptop computer, model Compaq nc6400, bearing serial number CND70528HT; (3) a Verizon Samsung Galaxy S7 cellular phone, bearing IMEI number 359764081485953; (4) a Samsung EVO 16GB micro SD card, bearing serial number KPABT27PB629; and (5) a DANE-ELEC 2GB USB drive, bearing serial number 4820-B6C1, which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved a prepubescent minor and a minor who had not yet obtained 12 years of age, such image having been shipped and transported using any means and facility of interstate and foreign commerce, and such image having been produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

Specifically, SPRENGER possessed approximately 64 images of child pornography on a DANE-ELEC USB drive bearing serial number 4820-B6C1, which was manufactured outside of the United States. The USB drive included, among other images, the image in which SPRENGER photographed his naked, erect penis next to Victim A's face and the image in which SPRENGER photographed his own face, with his tongue sticking out, next to Victim A's clothed groin. These images were taken on or about March 21, 2015, and Victim A was 14 years old at the time.

SPRENGER also possessed approximately 66 images and 387 videos of child pornography on a micro SD card bearing serial number KPABT27PB629, which was manufactured in the Philippines. The micro SD card included, among other videos, four videos taken on or about April 7, 2017, in which SPRENGER filmed himself masturbating over Victim B as she slept, making physical contact with Victim B's clothed vagina and buttocks, and ejaculating onto Victim B's clothed buttocks. Victim B was 13 years old at the time. The micro SD card also included, among other videos, a video titled 20170106_072256, in which SPRENGER filmed himself masturbating as he and another man, Sean McCarthy, walked into a bedroom where Victim C was sleeping on a bed. SPRENGER stood over Victim C as he masturbated. When SPRENGER ejaculated, McCarthy pinched some of the ejaculate off of SPRENGER's penis and flicked it three times in a downward manner, towards Victim C's face. This video was taken on or around January 6, 2017. Victim C was 14 years old at the time.

SPRENGER possessed approximately 64 images of child pornography on an HP laptop computer, model Pavilion DM4, bearing serial number CNU1311MPR. The HP laptop was manufactured in China. SPRENGER possessed approximately 914 images and 3 videos of child pornography on another HP laptop computer, model Compaq nc6400, bearing serial number CND70528HT. The HP laptop was also manufactured in China.

The images and videos of child pornography that SPRENGER possessed on these devices also included images and videos of children, some as young as toddlers,

being forced to engage in oral, vaginal, and anal intercourse, as well as sadomasochistic images and lascivious exhibition of minors' genitals.

Stipulated Offense

Defendant, for purposes of computing his sentence under Guideline § 1B1.2, stipulates to having committed the following additional offense: On or about April 7, 2017, and on or about November 14, 2017, at Arlington Heights, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant did knowingly employ and use a minor, namely, Victim B, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction was transported using any means and facility of interstate commerce, in violation of Title 18, United States Code, Section 2251(a).

Specifically, on or about April 7, 2017, SPRENGER took four videos of Victim B, while Victim B was sleeping. SPRENGER knew that Victim B was 13 years old at the time. SPRENGER lived with Victim B's mother, and Victim B was in the care, custody, or supervisory control of SPRENGER at the time. In video one, titled 20170407_020204.mp4, SPRENGER pulled back the blanket that was covering Victim B and focused the camera on Victim B's clothed buttocks and vagina. SPRENGER's erect penis was visible as he masturbated over Victim B. In video two, titled 20170407_020628.mp4, SPRENGER reached with his hand and made physical contact with Victim B's clothed vagina. In video three, titled 20170407_020820.mp4, SPRENGER made physical contact with Victim B's clothed vagina and buttocks. In

video four, titled 20170407_021005.mp4, SPRENGER ejaculated onto Victim B's clothed buttocks. SPRENGER then stored the four videos on a micro SD card, which was manufactured in the Philippines.

On or about November 14, 2017, SPRENGER communicated with an individual who, unbeknownst to SPRENGER, was an undercover law enforcement officer ("the UC") over an application called Kik Messenger. During that Kik conversation, the UC asked "Hey, saw you on [Website A] & wondered if you were hands on with any yung [sic] toys like me? Ime [sic] only lookin [sic] to swap new homemade stuff, not old shit." SPRENGER responded, "How did you get the password btw?" The UC replied, "i didnt use a password to get in wtf? soz mate, looks like your albums are lock now, but I dont know your pass, but I do comment on a lot of pics, so cant remember what the fuk I did". SPRENGER replied, "Well, it's always been locked. I don't get it either. No worries. I get along with other perverts. Haha". The UC stated, "oh fuk yeah ime a real pervert alright! Actually ime a downright sik fukka that needs serious help". SPRENGER replied, "Even better".

SPRENGER asked the UC, "How olds yours?" The UC responded, "she's 11 goin on 12 I just met her mother online, so ime [sic] only just kickin off things. yours?" SPRENGER replied, "Yummy! 10 and 14[.] I only date women with beautiful girls. Or if they are ultra petite." The UC stated, "fukin awesome man! two on tap? yeah that's funny cos I only look for women online that are single mums[.] ive got this act goin on with them where ime the most carin person in the world with their

7

daughters[.] i tell them they can go out clubbin with their girlfriends & I will stay home and care for their beatiful little girls." SPRENGER responded, "Until you are feeding them your cum in their breakfast." The UC asked, "how far have you got with your two? or aren't you touchin them?" SPRENGER responded, "Just rubbed my cock on their face and hands while their sleeping". The UC stated, "fuk yeah! thats great. did you get pics of your cok on their pretty faces? where did you blow?" SPRENGER replied, "Yes. And on the bed or floor next to them".

After several additional communications during which the UC asked SPRENGER for pictures, SPRENGER sent a video to the UC over Kik Messenger, specifically, video four, titled 20170407_021005.mp4, in which he ejaculated onto Victim B's clothed buttocks while Victim B slept.

### Maximum Statutory Penalties

7. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a. Count One carries a maximum sentence of 30 years' imprisonment, and a statutory mandatory minimum sentence of 15 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on this count. Count One also carries a maximum fine of $250,000. Defendant further understands that with respect to Count One the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

b. Count Four carries a maximum sentence of 20 years' imprisonment. Count Four also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Four, the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

c. Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

d. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

e. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 50 years' imprisonment, and the minimum sentence is 15 years' imprisonment. In addition, defendant is subject to a total maximum fine of $500,000, a period of supervised release, and special assessments totaling $200, in addition to any restitution ordered by the Court.

f. Defendant further understands that, pursuant to Title 18, United States Code, Section 3014, defendant will be assessed an additional $5,000 per count of conviction if the Court determines that he is a non-indigent person.

### Sentencing Guidelines Calculations

8. Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider

that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.     **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2018 Guidelines Manual.

b. **Offense Level Calculations**.

**Count One (Group One)**

i.      The base offense level is 32, pursuant to Guideline § 2G2.1(a).

ii.      Pursuant to Guideline § 2G2.1(b)(1)(B), two levels are added because at the time of the offense Victim A was a minor who had attained the age of 12 years but not the age of 16 years.

iii.      Pursuant to Guideline § 2G2.1(b)(5), two levels are added because Victim A was in the custody, care, or supervisory control of the defendant.

iv.      Accordingly, the offense level for Count One is 36.

**Count Four (Group Two)**

v.      The base offense level is 18, pursuant to Guideline § 2G2.2(a)(1).

vi.      Pursuant to Guideline § 2G2.2(b)(2), two levels are added because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

vii.      Pursuant to Guideline § 2G2.2(b)(3)(F), two levels are added because defendant knowingly engaged in distribution of child pornography.

viii.      Pursuant to Guideline § 2G2.2(b)(4), four levels are added because the offense involved material that portrays (A) sadistic or masochistic

11

conduct or other depictions of violence, or (B) sexual abuse or exploitation of an infant or toddler.

  ix.  Pursuant to Guideline § 2G2.2(b)(5), five levels are added because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

  x.  Pursuant to Guideline § 2G2.2(b)(6), two levels are added because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

  xi.  Pursuant to Guideline § 2G2.2(b)(7), five levels are added because the offense involved 600 or more child pornography images.

  xii.  Accordingly, the offense level for Count Four is 38.

### Stipulated Offense (Group Three)

  xiii.  The base offense level is 32, pursuant to Guideline § 2G2.1(a).

  xiv.  Pursuant to Guideline § 2G2.1(b)(1)(B), two levels are added because at the time of the offense Victim B was a minor who had attained the age of 12 years but not the age of 16 years.

  xv.  Pursuant to Guideline § 2G2.1(b)(2)(A), two levels are added because the offense involved the commission of a sexual act or sexual contact.

xvi.     Pursuant to Guideline § 2G2.1(b)(3), two levels are added because the defendant knowingly engaged in distribution.

xvii.     Pursuant to Guideline § 2G2.1(b)(5), two levels are added because Victim B was in the custody, care, or supervisory control of the defendant.

xviii.     Accordingly, the offense level for the stipulated offense is 40.

## Grouping Under Guideline § 3D1.2

xix.     Pursuant to Guideline § 3D1.2(d), Group One (Count One), Group Two (Count Four), and Group Three (Stipulated Offense) each are treated as a separate group because offenses under Guideline § 2G2.1 are specifically excluded from this subsection. There are therefore three groups.

xx.     The Stipulated Offense carries the highest offense level of 40. Pursuant to § 3D1.4(a), the Stipulated Offense counts as one unit.

xxi.     The two other groups are from 1 to 4 levels less serious, so one additional unit is counted for each group pursuant to Guideline § 3D1.4(a), for a total of three units.

xxii.     Pursuant to Guideline § 3D1.4(a), three levels are added to the group with the highest offense level because there are three units. This results in a combined offense level of 43.

## Acceptance of Responsibility

xxiii.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

xxiv.     In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

## Repeat and Dangerous Sex Offender against Minors

xxv.     Pursuant to Guideline § 4B1.5(b)(1), five levels are added because the instant offense is a covered sex crime, defendant engaged in a pattern of activity involving prohibited sexual conduct, he is not a career offender, and he has no prior conviction for a sex offense.

14

## **Total Offense Level**

xxvi.    Therefore, defendant's total offense level is 43.

c.    **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.    **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 43, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of life imprisonment. The statutorily authorized maximum sentence is 50 years' imprisonment. Therefore, pursuant to Guideline § 5G1.1(a), the guidelines sentence is 50 years' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 15 years' imprisonment.

e.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation

15

and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10.     Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11.     Each party is free to recommend whatever sentence it deems appropriate.

12.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does

not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13.　Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and "loss" are defined in that section. The amount of restitution shall be determined by the Court at sentencing.

14.　Defendant also acknowledges that in addition to restitution due pursuant to Title 18, United States Code, Section 2259, he is liable for restitution pursuant to Title 18, United States Code, Section 3663A.　Defendant also agrees to pay additional restitution arising from the stipulated offense conduct set forth above, pursuant to Title 18, United States Code, Section 3663(a)(5) and 3664.

15.　Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

16.　Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.　If the Court finds that the defendant is a non-indigent person, defendant further agrees to pay the $10,000 special assessment, assessed pursuant

17

to Title 18, United States Code, Section 3014, after he has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation ordered by the court and arising from the convictions.

17.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

18.     After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

### Forfeiture

19.     Defendant understands that by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property involved in the offense.

20.     Defendant agrees to forfeiture of the following specific property to the United States: an HP laptop computer, model Pavilion DM4, bearing serial number CNU1311MPR; an HP laptop computer, model Compaq nc6400, bearing serial number CND70528HT; a Verizon Samsung Galaxy S7 cellular phone, bearing IMEI number 359764081485953; a Samsung EVO 16GB micro SD card, bearing serial number KPABT27PB629; and a DANE-ELEC 2GB USB drive, bearing serial number 4820-B6C1. In doing so, defendant admits that the property described above was

18

involved in the offense, as alleged in the indictment. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

21.     Defendant understands that forfeiture shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

22.     Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

### **Acknowledgments and Waivers Regarding Plea of Guilty**

### **Nature of Agreement**

23.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 18 CR 105.

24.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or

release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

25.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.      **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

20

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

        viii.      With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

      b.   **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

26.   Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

27.   Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him,

22

and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

28.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

29.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of

23

defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

30.     Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

31.     Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

**Other Terms**

32.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including

24

providing financial statements and supporting records as requested by the United States Attorney's Office.

33.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## **Conclusion**

34.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

35.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of

limitations between the signing of this Agreement and the commencement of such prosecutions.

36. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

37. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

38. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.


AGREED THIS DATE: ___February 15, 2019___


_____          _____
JOHN R. LAUSCH, JR.                   ADAM SPRENGER
United States Attorney                Defendant

_____          _____
KELLY GREENING                        THOMAS BRANDSTRADER
Assistant U.S. Attorney               ANDREW GABLE
                                      Attorneys for Defendant


26