IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18 CR 105 |
| | ) | Hon. John J. Tharp, Jr. |
| ADAM SPRENGER, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO THE
GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant, ADAM SPRENGER, by and through his attorney, LISA L. WOOD, respectfully submits the following response to the government's sentencing memorandum.

**I.  Mr. Sprenger has candidly admitted his criminal conduct, demonstrating he has the capacity and will to change.**

In its sentencing memorandum, the government argues that Mr. Sprenger's "failure to recognize [certain] aspects of his offense and report [these aspects] to treatment providers undercuts his claim that he desires real treatment or change and limits the potential effectiveness of any treatment that might be imposed on him." R. 111 at 19. The government would like to paint Mr. Sprenger as someone who has consistently minimized his conduct and who is resistant to change, but the record belies this.

In report after report, and often to complete strangers, Mr. Sprenger has opened up about the darkest corners of his mind and has admitted his own criminal conduct. On February 14, 2018, a search warrant was executed on Mr. Sprenger's residence. While the search was being conducted two law enforcement officers interviewed a stunned Mr. Sprenger, who up until this point had no clue he was under investigation. Despite knowing his statements could be used

against him, Mr. Sprenger admitted post-*Miranda* that he had a preference for teenage girls, that he had taken and posted "creepshots" of underage Victim A and other girls and women using a spycam app, that he had "stolen" photos of his previous girlfriend's underage daughters, and that he had sexual encounters with other men who were interested in teenagers and had used Victim A's underwear during these encounters. Govt. Vers. Ex. C. Furthermore, before invoking his right to counsel, Mr. Sprenger admitted that there were other things he had not yet told law enforcement regarding his online activity. *Id*. Given the circumstances, Mr. Sprenger was quite candid with law enforcement officers during this voluntary interview.

  The government argued at Mr. Sprenger's last sentencing hearing and argues again in its sentencing memorandum that Mr. Sprenger lied during his sex offender evaluation with Dr. Mark Brenzinger. R. 111 at 17. As stated in Mr. Sprenger's sentencing memorandum, Mr. Sprenger did not lie to Dr. Brenzinger when he was asked whether he had ever had physical contact with a minor. To deny having done so, when Mr. Sprenger filmed himself having physical contact with Victim B, and these videos were at the center of one of the charged counts, would be ridiculous. Rather, Mr. Sprenger understood the question to be whether he had ever had physical contact with a minor outside of the charged offenses? He honestly answered that question in the negative.

  Mr. Sprenger's responses to testing support his contention that he misunderstood Dr. Brenzinger's question about physical contact. In contrast to the government's theory that Mr. Sprenger falsely portrayed himself as having never had physical contact with a victim, Mr. Sprenger admitted during testing that he had molested a female minor and had engaged in non-consensual touching. R. 49-1 at 7-8. This is consistent with the conduct depicted in the videos

involving Victim B. Mr. Sprenger did not try to hide anything—to the contrary, he openly admitted what is perhaps the most egregious conduct at issue in this case.

The government also claims that Mr. Sprenger lied to the Probation Officer about his sexual preferences during PSR interview. R. 111 at 19. Specifically, the government claims that Mr. Sprenger did not disclose that his sexual preference included minors younger than teenagers. *Id*. But what Mr. Sprenger told the probation officer was that he was interested in "teen *and younger*" pornography. PSR at 18, ¶116 (emphasis added). Once again, Mr. Sprenger did not hide the truth; rather, despite knowing that it could hurt him, he admitted to an interest in criminal pornography.

At bottom, it is simply inaccurate for the government to argue that Mr. Sprenger has hidden aggravating aspects of his offenses or failed to disclose certain deviant thoughts and interests to treatment providers. Mr. Sprenger has been candid about his interest in minors – which causes him a great deal of distress—from the inception of this case and was honest about his criminal actions with Dr. Brenzinger, the probation officer, and the Court. This openness strongly indicates that Mr. Sprenger wants to change and will be receptive to treatment. So too does his conduct since his arrest: enrolling in Alcoholics Anonymous, completing a Cognitive Behavioral Change class, serving as a GED tutor five days a week, and reading self-help books. He would also jump at the chance to participate in mental health counseling and sex offender treatment, but both are currently unavailable to him.

Make no mistake—Mr. Sprenger is aware that none of this comes close to making up for the trauma he inflicted on the victims in this case, which he understands will live with them forever. He understands that his criminal actions deserve punishment. But Mr. Sprenger is not

irredeemable; he has the capacity and will to change. It is simply wrong for the government to argue that he does not want treatment or that treatment will not be effective.

## II. Restitution

Initially, as argued in Mr. Sprenger's sentencing memorandum, Victims A, C, D, E, and F no longer qualify for restitution awards because they are not victims of the offense of conviction or the stipulated offense. In light of *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020), and the appellate court's ruling in this case, the images and videos involving Victims A, C, D, E, and F no longer qualify as child pornography.

Regarding Victim B, defense counsel now recognizes that Mr. Sprenger agreed to pay restitution in connection with the stipulated offense in his plea agreement. Therefore, if the court finds that there remains a factual basis for the stipulated offense post-*Howard*, Victim B would be entitled to restitution. The precise amount is to be proved by the government. The government's sentencing memorandum does not contain a basis for the proposed restitution award of $15,000, and therefore Mr. Sprenger objects to this award.

Finally, regarding at least some of the known child pornography victims, the government's sentencing memorandum misstates the restitution amounts imposed by the Court at first sentencing hearing. The restitution amounts actually imposed are as follows:

| Henley | $5,000 |
| Fiona | $5,000 |
| Chelsea | $5,000 |
| Jenny | $5,000 |
| Pia | $5,000 |
| Maureen | $5,000 |

Mr. Sprenger does not object to the reimposition of these restitution amounts.

### III.     Conclusion

For the foregoing reasons, and for the reasons stated in Mr. Sprenger's position paper on sentencing, it is respectfully submitted that a guideline sentence is greater than necessary, and it is instead requested that the Court impose a sentence of 80 months, plus a term of supervised release.

Respectfully submitted,

s/ Lisa L. Wood
**LISA L. WOOD**, Attorney for Defendant.

| | |
|---|---|
| Attorney Name | Lisa Wood |
| Firm Name | Lisa Wood Law, LLC |
| Attorney for | Adam Sprenger |
| Firm Address | 53 W. Jackson Blvd., Suite 1424, Chicago, IL 60604 |
| Firm Phone | (872) 888-7089 |
| Attorney No. | 6304324 |