UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ADAM SPRENGER | 18 CR 105<br><br>Honorable John J. Tharp, Jr |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**POSITION PAPER ON SENTENCING**

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, hereby submits the following response to defendant's position paper on sentencing factors.

**I.  The stipulated offense conduct violates § 2251 post-*Howard* and the Guidelines Range in the Updated PSR is correct.**

Defendant objects to the Guidelines Range calculated in the Updated PSR, arguing the Court "cannot uphold" defendant's stipulation to Count 2 in light of the Seventh Circuit's ruling in *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020). On this basis, defendant objects to application of Guideline Section 2G2.1 as well as the multiple count adjustment applied under Section 3D1.4. The Court should apply both Sections and find that the Guidelines Range calculated in the Updated PSR (253 to 240 months) is correct because defendant stipulated to the production offense charged in Count 2 and nothing in the appellate ruling or in *Howard* invalidated it.

1

### 1. Neither the stipulated offense conduct nor the plea agreement were invalidated on appeal.

In his plea agreement, defendant admitted under oath to producing and distributing videos of defendant masturbating over Victim B, fondling Victim B's clothed vagina and buttocks, and ejaculating on Victim B. In the same agreement, defendant stipulated that the conduct constituted "use [of] a minor, namely, Victim B, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct," and that the conduct violated Section 2251(a). Plea p. 6. On appeal, defendant argued that this stipulated offense conduct (along with the offense conduct charged in Count 1) was invalidated by *Howard* and sought to withdraw his guilty plea and invalidate the entire agreement on this theory. The Circuit Court held that the Count 1 conviction was invalid post-*Howard* but did not invalidate the remainder of the plea agreement. The Circuit Court also specifically declined to decide whether the stipulated offense conduct satisfied 2251, stating, "we need not and do not reach the parties' dispute over whether Victim B engaged in sexually explicit conduct such that Sprenger's stipulated conduct constitutes the production of child pornography within the meaning of § 2251(a) post-*Howard*. Sprenger was not convicted on count 2; he merely stipulated to that offense for sentence-computation purposes." Defendant now argues that the offense to which he stipulated for sentence computation purposes is not valid, and that the Court should calculate his Guidelines Range without reference to it. For the reasons set forth below, the stipulated offense conduct violates § 2251 and is properly included in the calculation of the Guidelines Range.

2

### 2. The stipulated offense violates Section 2251 post-*Howard* and is properly included in the Guidelines calculation.

*Howard* held that Section 2251 requires the minor, not merely the defendant, to be engaged in sexually explicit conduct. In its ruling, the court specifically distinguished cases, like the stipulated offense conduct in this case, where defendants made physical contact with sleeping minors. *E.g.*, *United States v. Finley*, 726 F.3d 468, 488-89 (3rd Cir. 2013) ("explicit contact" made with sleeping minor); *United States v. Vowell*, 516 F.3d 503 (6th Cir. 2008) ("various sexual acts" performed on the body of a sleeping and drugged minor). Unlike the offense conduct in Count 1, which did not involve physical contact between defendant and a sleeping Victim A, the stipulated offense conduct involved videos in which defendant did make physical contact with Victim B, including by touching Victim B's clothed buttocks and vagina and ejaculating onto her buttocks. For this reason, on appeal, the Circuit Court specifically acknowledged the possibility that the stipulated offense conduct, including defendant's physical contact with Victim B, did constitute sexually explicit conduct post-*Howard*. Defendant argues, nevertheless, that his contact with Victim B was not enough to satisfy § 2251 because Victim B did not engage in masturbation herself, and, when defendant touched her genitals, they were clothed.

"Sexually explicit conduct" is defined at § 2256, and has been recognized to include "mutual masturbation," or the touching of another's genitals. *See United States v. Banks*, 556 F.3d 967, 978-79 (9th Cir. 2009) ("masturbation" under § 2256(2)(A) did not require an orgasm by child victim be possible and included defendant's touching and rubbing child's penis and massaging child's scrotum and

3

anus."). The videos defendant produced depicted defendant touching Victim B's vagina and buttocks for approximately 10 seconds, as well as ejaculating on her buttocks. In other words, the videos depict defendant engaged in masturbating Victim B. Defendant also sent messages about the video to a Kik user stating that he had "[f]elt her [Victim B's] wonderful lips," that she was "not yet" wearing thong underwear, that "[i]t was hot… Temperature Wise," and that she "smelled like a girl that was f***ed for 10 hours in a closed room." G.V. p. 8-9. The video and defendant's messages established that defendant made more than momentary sexual contact with Victim B that engaged Victim B in sexually explicit conduct.

Defendant also cites to case law holding that nudity alone is not sufficient to constitute lascivious exhibition of genitals. *United States v. Miller*, 829 F.3d 519 (7th Cir. 2016). While nudity alone is not sufficient, it is also not required. Case law has also recognized that "lascivious exhibition" may include depictions of clothed or covered genitals. *See United States v. Miller*, 829 F.3d 519, 524-46 (7th Cir. 2016) ("focus… must be on the genitals or the images must otherwise be sexually suggestive," but the video need not "zoom in" and the pubic area need not be the sole focus"; *United States v. Price*, 775 F.3d 828, 837-38 (7th Cir. 2014) (nudity not required); *United States v. Grimes*, 244 F.3d 375, 379-82 (5th Cir. 2001) (photographs with pixel boxes covering minors' genitals constituted "lascivious exhibition"); *United States v. Knox*, 32 F.3d 733, 745-51 (3rd Cr. 1994) (no requirement that minor's genitals or pubic area be exposed or discernable through opaque clothing). Here, the videos produced by defendant clearly depicted him using Victim B's genitals in

4

sexually explicit conduct for the purpose of creating a visual depiction of that conduct. The sexual nature of defendant's exhibition of Victim B's genitals is further shown by his messages about the video to the Kik user, in which the user asked if she was wearing "any thongs yet," and defendant described the "fullbacks and trainers" she wore, described "starting to get hard for her and her trainer bras," and in which the user responded, "Shit is making me hard just looking at vids… I can just imagine u." G.V. p. 9. Defendant's video was focused on Victim B's genitals, while Victim B was sleeping in a bed, where defendant was fondling her and masturbating, and for the purpose of creating a sexual suggestion. It therefore constituted lascivious exhibition.

Moreover, in *Howard*, the Circuit Court acknowledged that even momentary contact could constitute sexually explicit conduct, using as an example a video depicting a defendant "masturbating very close to [a victim's] face while she sleeps and perhaps momentarily touching her lips with his penis" and stating that such a depiction could perhaps "be characterized as an attempt at oral sex, which might qualify as engaging the child in sexually explicit conduct." *Howard*, 968 F.3d at 723, n.3.[1] In the same way, even if defendant's contact with Victim B had been momentary,

---

[1] Further, cases in other circuits have distinguished *Howard* in finding defendants to have engaged minors in sexually explicit conduct under § 2251 without actual physical contact or "active" participation on the part of the minor. *See United States v. Osuba*, 2023 WL 3239496 (2nd Cir. May 4, 2023) (agreeing with *Howard* that the minor, not just defendant, must engage in sexually explicit conduct to satisfy § 2251, but finding that "physical contact is not a necessary component" of engagement while noting that the government did not make that argument in *Howard*, and holding that a video depicting defendant masturbating while standing over a sleeping teenage girl and ejaculating toward her "suffice[d] to constitute her engage[ment]"); *United States v. Dawson*, 64 F. 4th 1227, 1238 (11th Cir. 2023) (§ 2251 violated where defendant "used the presence of his eleven-year-old daughter as the object of his sexual desire as he engaged in sexually explicit conduct by masturbating in her presence" and distributed it over the internet); *United States v. Poulo*, 491 F. Supp. 3d 1244, 1248 (M.D.

5

it could be characterized as an attempt to engage Victim B in sexually explicit conduct—that is, in mutual masturbation and lascivious display of genitals. Indeed, defendant messaged the same Kik user to whom he sent the video that he "jerked. While filming And hoping she wouldn't wake up." G.V. p. 9. Defendant's intention clearly was to masturbate Victim B surreptitiously, without waking her up. Indeed, as described in the government's original sentencing memorandum, defendant drugged Victim B to ensure she did not wake up. Like his drugging of Victim B, defendant's moderation or limitation of his touching of Victim B was simply a way for him to test her awareness and succeed in engaging Victim B in sexually explicit conduct without being caught or stopped. Thus, the record demonstrates that defendant intended to and took substantial steps toward engaging Victim B in sexually explicit conduct. Consistent with this record, the Court correctly found, "this isn't just a crime that involves the creating of child pornography; this is a crime that involves sexual abuse. […] It involves unwanted, uninvited, unlawful physical contact between Mr. Sprenger and at least one of the six children he victimized directly that we know of." Tr. 30:19-24.

Because defendant's stipulated conduct constitutes a violation of § 2251, the Court should apply Section 2G2.1 in calculating defendant's Guidelines Range. And, because defendant committed both the possession offense in Count 4 and the

---

Fla. 2020) (video depicting defendant's "use of a minor," i.e. masturbation in the presence of a 5 year old child violated § 2251 because it involved the child's "passive participation" in sexually explicit conduct).

stipulated offense charged as Count 2, the Court should apply 3D1.4 to group the multiple offenses.

Dated: May 12, 2023            Respectfully submitted,

                                         MORRIS PASQUAL
                                         Acting United States Attorney

By:    */s/ Kelly Guzman*
        KELLY GUZMAN
        Assistant United States Attorney
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        (312) 353-1598